■ BRUCE McCRAW et al., Appellants, v UNITED PARCEL SERVICE et al., Defendants and Third-Party Plaintiffs-Respondents. PRIDE EQUIPMENT et al., Third-Party Defendants-Respondents. [692 NYS2d 739] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 14, 1998, as granted those branches of the respective motion and cross motion of the defendants United Parcel Service and Mid-West Conveyor which were for summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against them, and (2) an order of the same court, dated September 29, 1998, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 14, 1998, is dismissed, as that order was superseded by the order dated September 29, 1998, made upon reargument; and it is further,

Ordered that the order dated September 29, 1998, is reversed insofar as appealed from, and, upon reargument, those branches of the motion and cross motion which were to dismiss the plaintiffs' cause of action based on Labor Law § 241 (6) are denied, and so much of the order dated April 14, 1998, as granted those branches of the motion and cross motion is vacated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiff Bruce McCraw (hereinafter McCraw) was injured while inside of a building owned by the defendant United Parcel Service. The building was under construction when McCraw was dispatched to the site to repair a leaky hydraulic lift which was being utilized in the construction process. During the process of his repair duties, McCraw slipped

upon a puddle which was a mixture of water and hydraulic fluid, thereby sustaining personal injuries. Thereafter the plaintiffs commenced the instant action, asserting, *inter alia*, a cause of action pursuant to Labor Law § 241 (6) alleging that the respondents violated 12 NYCRR 23-1.7 (d), by permitting a slippery condition to exist on the work surface upon which he fell.

Contrary to the respondents' contention, the provisions of 12 NYCRR 23-1.7 (d) do not require that the slippery surface in question be elevated (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343). Further, the alleged injury occurred in an area in which construction, excavation, or demolition work was being performed (*see, Jock v Fien,* 80 NY2d 965). This placed the alleged injury within the construction context as anticipated under Labor Law § 241 (6) (*see, Jock v Fien, supra; Haghighi v Bailer,* 240 AD2d 368; *Bermel v Board of Educ.,* 231 AD2d 663). Therefore, the Supreme Court improperly granted summary judgment to the United Parcel Service dismissing the plaintiffs' cause of action based on Labor Law § 241 (6) (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.