■ DANIEL HAGEMAN, Appellant-Respondent, v HOME DEPOT U.S.A., INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. B & G ELECTRICAL CONTRACTORS OF L.I., INC., et al., Third-Party Defendants-Respondents-Appellants. [846 NYS2d 302]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated June 16, 2005, as denied his cross motion for leave to serve a supplemental bill of particulars

so as to assert a violation of 12 NYCRR 23-3.3 (c), the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint, and the third-party defendants cross-appeal from the same order.

Ordered that the cross appeal by the third-party defendants is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion (1) by deleting the provision thereof denying the plaintiff's cross motion for leave to serve a supplemental bill of particulars so as to assert a violation of 12 NYCRR 23-3.3 (c), and substituting therefor a provision granting the plaintiff's cross motion, and (2) by deleting the provision thereof denying that branch of the defendant third-party plaintiff's cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action to the extent it is predicated on a violation of 12 NYCRR 23-1.7 (e), and substituting therefor a provision granting that branch of the defendant third-party plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from and cross-appealed from by the defendant third-party plaintiff, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's cross motion for leave to serve a supplemental bill of particulars in order to assert a violation of 12 NYCRR 23-3.3 (c) as a predicate for his Labor Law § 241 (6) cause of action. The proposed supplemental bill of particulars did not prejudice the defendant third-party plaintiff Home Depot U.S.A., Inc. (hereinafter Home Depot), because it did not articulate a new theory of liability, but merely amplified the plaintiff's Labor Law § 241 (6) cause of action (*see Orros v Yick Ming Yip Realty,* 258 AD2d 387, 388 [1999]; *see also Balsamo v City of New York,* 287 AD2d 22, 27 [2001]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.,* 271 AD2d 231, 232 [2000]).

Nonetheless, the Supreme Court erred in denying that branch of Home Depot's cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is predicated on a violation of 12 NYCRR 23-1.7 (e). As the plaintiff now correctly concedes, there is no basis in the record for imposing liability upon Home Depot pursuant to 12 NYCRR 23-1.7 (e) (1), since the area where the plaintiff was injured was not a "passageway." Moreover, as Home Depot correctly argues, the alleged violation of 12 NYCRR 23-1.7 (e) (2) is unavailing

since, for purposes of that regulation, liability is precluded where, as here, the alleged tripping hazard was an integral part of the work being performed (*see Cooper v Sonwil Distrib. Ctr., Inc.*, 15 AD3d 878, 879 [2005]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]).

However, the Supreme Court properly denied that branch of Home Depot's cross motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence and a violation of Labor Law § 200, and of Labor Law § 241 (6) to the extent it is predicated on 12 NYCRR 23-1.7 (d), pertaining to slipping hazards. Since Home Depot was the owner of the premises (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-709 [2007]), and its employees may have been directing some of the work, it failed to make a prima facie showing that it did not direct or exercise supervisory control over the demolition work. To the extent that the plaintiff claims his injury resulted from a dangerous condition on the premises, Home Depot failed to make a prima facie showing that it lacked actual or constructive notice of or did not create that dangerous condition (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d at 708-709). In addition, Home Depot failed to make a prima facie showing that the debris on which the plaintiff allegedly fell, which included pieces of glass, did not constitute a foreign substance which posed a slipping hazard for purposes of 12 NYCRR 23-1.7 (d) (*cf. Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619 [2003]; *D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107 [2002]). Contrary to Home Depot's contention, liability based on a violation of 12 NYCRR 23-1.7 (d) is not precluded merely because the foreign substance which caused an accident was part of the work being performed (*see Ventura v Lancet Arch*, 5 AD3d 1053, 1054 [2004]; *see also McCraw v United Parcel Serv.*, 263 AD2d 499, 499-500 [1999]; *Stasierowski v Conbow Corp.*, 258 AD2d 914, 915 [1999]; *Hammond v International Paper Co.*, 161 AD2d 914, 915 [1990]). Crane, J.P., Lifson, Carni and Balkin, JJ., concur.