Gancarz v Brooklyn Pier 1 Residential Owner, L.P. (2021 NY Slip Op 00422)





Gancarz v Brooklyn Pier 1 Residential Owner, L.P.


2021 NY Slip Op 00422


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-03532
 (Index No. 713247/16)

[*1]Wojciech Gancarz, appellant-respondent,
v
Brooklyn Pier 1 Residential Owner, L.P., et al., respondents-appellants, et al., defendant.


William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary of counsel), for appellant-respondent.
Litchfield Cavo LLP (Christopher A. Long, Louis F. Eckert, and Rachel Trauner of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Brooklyn Pier 1 Residential Owner, L.P., Brooklyn Pier 1 Hotel Owner, L.P., and Hudson Meridian Construction Group, LLC, cross-appeal, from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered February 8, 2019. The order, insofar as appealed from, granted that branch of those defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on an alleged violation of 12 NYCRR 23-1.7(d) insofar as asserted against them. The order, insofar as cross-appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on an alleged violation of 12 NYCRR 23-1.7(e)(1) and (2) insofar as asserted them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Brooklyn Pier 1 Residential Owner, L.P., Brooklyn Pier 1 Hotel Owner, L.P., and Hudson Meridian Construction Group, LLC, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on an alleged violation of 12 NYCRR 23-1.7(d) insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) as was predicated on an alleged violation of 12 NYCRR 23-1.7(e)(1) insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff, a carpenter employed at the construction site of the defendants Brooklyn Pier 1 Residential Owner, L.P., Brooklyn Pier 1 Hotel Owner, L.P., and Hudson Meridian Construction Group, LLC (hereinafter collectively the defendants), allegedly was injured when he slipped and fell on a wet piece of paper in the basement area of the site. He subsequently commenced this action against the defendants, and another party, to recover damages for, inter alia, [*2]common-law negligence and violations of Labor Law §§ 200 and 241(6). The defendants moved, among other things, for summary judgment dismissing those causes of action insofar as asserted them. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on an alleged violation of 12 NYCRR 23-1.7(d) insofar as asserted against them and denied those branches of their motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on an alleged violation of 12 NYCRR 23-1.7(e)(1) and (2) insofar as asserted them. The plaintiff appeals and the defendants cross-appeal.
The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-1.7(d) insofar as asserted against them. The plaintiff's alleged injury occurred in an area of the site in which construction, excavation, or demolition work was being performed and, therefore, places the area within the construction context as anticipated under Labor Law § 241(6) (see Morra v White, 276 AD2d 536, 537; Constantino v Kreisler Borg Florman Gen. Const. Co., 272 AD2d 361, 362; McCraw v United Parcel Serv., 263 AD2d 499, 500). Moreover, the accident occurred on a concrete surface which was a "floor" within the meaning of 12 NYCRR 23-1.7(d) (see Canning v Barneys New York, 289 AD2d 32, 34).
However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-1.7(e)(1) insofar as asserted against them. The plaintiff fell in an open basement area and, therefore, fell in a work area as contemplated by 12 NYCRR 23-1.7(e)(2), rather than in a passageway under 12 NYCRR 23-1.7(e)(1) (see Castillo v Starrett City, 4 AD3d 320, 321; Lenard v 1251 Am. Assoc., 241 AD2d 391, 392).
Moreover, we agree with the Supreme Court's determination that the defendants failed to establish, prima facie, that they did not create or have notice of the dangerous condition in the underground area (see Ortega v Puccia, 57 AD3d 54, 60). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court