Amaya v Purves Holdings LLC (2021 NY Slip Op 03139)





Amaya v Purves Holdings LLC


2021 NY Slip Op 03139


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 300069/16 Appeal No. 13849 Case No. 2020-02962 

[*1]Luis Amaya, Plaintiff-Respondent,
v
Purves Holdings LLC, et al., Defendants-Appellants.


Wood Smith Henning & Berman LLP, New York (William E. Daks of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 3, 2020, which, to the extent appealed from, denied in part defendants' motion for summary judgment dismissing plaintiff's common-law negligence, and Labor Law §§ 200 and 241(6) claims, and granted plaintiff's cross motion for partial summary judgment on his Labor Law § 241(6) claim, unanimously modified, on the law, to grant defendants' motion dismissing the negligence and Labor Law § 200 claims, and the Labor Law § 241(6) claim to the extent premised on Industrial Code (12 NYCRR) § 23-1.7(e)(1), deny plaintiff's cross motion in its entirety, and otherwise affirmed, without costs.
The court should have dismissed the negligence and Labor Law § 200 claims, as the electrical cord or wire on which plaintiff tripped was not attached or plugged into the wall "for a sufficient length of time prior to the happening of [the] accident to permit the defendant to discover and remedy it" (Lopez v Dagan, 98 AD3d 436, 438 [1st Dept 2012]; compare Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [1st Dept 2009] [hazard existed "five to six months" before accident]). Similarly, uncontroverted deposition testimony established that defendant general contractor lacked control over the work site, and plaintiff does not raise an issue of fact to the contrary (see McLean v 405 Webster Ave. Assoc., 98 AD3d 1090, 1093-1094 [2d Dept 2012]; Urban, 62 AD3d at 556).
The Labor Law § 241(6) cause of action, to the extent based on Industrial Code § 23-1.7(e)(1), also should have been dismissed. The "hallway where plaintiff fell . . . must be considered more of a work area than a passageway," as this is where he was actively applying a plaster compound to the sheetrocked walls (Cabrera v Sea Cliff Water Co., 6 AD3d 315, 316 [1st Dept 2004]; see also Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655, 656 [1st Dept 2018]).
Furthermore, neither plaintiff nor defendants are entitled to summary judgment on the Labor Law § 241(6) cause of action, to the extent based on Industrial Code § 23-5.22(f). In the bill of particulars, plaintiff alleges that he fell at approximately 3 p.m.. However, in his deposition, he claims that he fell at 2 p.m.. Plaintiff's supervisor testified that when she arrived at work on the day of the accident at 9:30 a.m., she was informed by another worker that plaintiff had fallen earlier that day. She testified that she inquired of his condition and he insisted that he would "finish the day." Moreover, plaintiff asserts that the sheetrock worker arrived in the afternoon, and plaintiff did not notice when he ran the wire into the hallway. In contrast, plaintiff's supervisor testified that the only other workers she saw in the area on the day of the accident were installing lights, rather than being sheetrock workers, that she saw no cables or wires and that the floors were cleared of debris every 30 minutes. These inconsistencies raise issues of fact concerning the happening of plaintiff's fall (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Further, there are issues of fact as to whether the electrical wire, on which plaintiff tripped, was integral to the work in connection with this provision since plaintiff testified that he did not know what the wire was connected to (see e.g. Krzyzanowski v City of New York, 179 AD3d 479, 480-481 [1st Dept 2020]; Gonzalez v Magestic Fine Custom Home, 115 AD3d 798, 799 [2d Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021