Fonck v City of New York (2021 NY Slip Op 05693)





Fonck v City of New York


2021 NY Slip Op 05693


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2017-13291
 (Index No. 25180/11)

[*1]Charles Fonck, et al., appellants, 
v
City of New York, et al., respondents (and third-party actions).


Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellants.
Cullen and Dykman LLP, New York, NY (Olivia M. Gross of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated November 13, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and (e)(1) and (2).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Charles Fonck (hereinafter the injured plaintiff) was employed by a nonparty subcontractor that was performing work at a construction project on a public pool located in Brooklyn. The injured plaintiff testified at his deposition that he was engaged in placing and tying rebar in a grid pattern on top of plastic sheeting in what would become the "beach," or sprinkler, area of the pool. While the injured plaintiff was retrieving his pliers, which were lying approximately five feet away from where he was working, he allegedly tripped on a piece of pipe concealed underneath the plastic sheeting, causing him to fall and sustain injuries.
The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant City of New York, the owner of the property, and the defendant Commodore Construction Corp., a prime contractor working on the project, alleging, inter alia, violations of Labor Law §§ 241(6) and 200, and common-law negligence. The defendants moved, among other things, for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and (e)(1) and (2). In an order dated November 13, 2017, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiffs appeal.
Labor Law § 241(6) imposes upon owners and general contractors, and their agents, [*2]a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502). To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of a specific and concrete provision of the Industrial Code, and that such violation was a proximate cause of his or her injuries (see Rakowicz v Fashion Inst. of Tech., 56 AD3d 747).
Here, the defendants established, prima facie, that 12 NYCRR 23-1.7(d), relating to slipping hazards, was inapplicable to the facts of this case by submitting a transcript of the injured plaintiff's deposition testimony, in which he testified that his fall was caused by his tripping over a pipe concealed under plastic sheeting (see Trombley v DLC Elec., LLC, 134 AD3d 1343, 1344). Contrary to the plaintiffs' contention, an affidavit of the injured plaintiff's foreman, submitted by the defendants in support of their motion, did not present a triable issue of fact. Although the foreman described the work surface as "wet and slippery due to a recent rainfall," he did not aver that the alleged slippery condition was related to the happening of the injured plaintiff's accident. In opposition, the plaintiffs failed to raise a triable issue of fact, as the injured plaintiff's affidavit contradicted his earlier deposition testimony and raised only a feigned issue of fact (see Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364-1365; Maldonado v New York City Hous. Auth., 145 AD3d 679, 680).
The Supreme Court properly concluded that the area where the plaintiff fell did not constitute a passageway as contemplated by 12 NYCRR 23-1.7(e)(1) (see Gargan v Palatella Saros Bldrs. Group, Inc., 162 AD3d 988, 988-989; see also Amaya v Purves Holdings LLC, 194 AD3d 536, 537). Similarly, 12 NYCRR 23-1.7(e)(2) was inapplicable to the facts of this case, as the pipe and vapor barrier over which the plaintiff tripped were not "debris" or "scattered" materials (id.), but rather had been intentionally installed and were a "permanent and an integral part of what was being constructed" (Vita v New York Law Sch., 163 AD3d 605, 608; see Martinez v 281 Broadway Holdings, LLC, 183 AD3d 712, 714; Dubin v S. DiFazio & Sons Constr., Inc., 34 AD3d 626, 627).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and (e)(1) and (2).
However, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. "Owners and general contractors, and their agents, have a common-law duty to provide employees with a safe place to work," and Labor Law § 200 "merely codified that duty" (Annicaro v Corporate Suites, Inc., 98 AD3d 542, 544). The duty does not extend "to hazards that are part of, or inherent in, the very work the employee is to perform or defects the employee is hired to repair" (Hansen v Trustees of M.E. Church of Glen Cove, 51 AD3d 725, 726; see Gasper v Ford Motor Co., 13 NY2d 104, 110). Here, the evidence submitted by the defendants did not eliminate triable issues of fact as to whether the placement of the plastic sheet on top of, as opposed to underneath, the installed pipe was a hazard that was part of, or inherent in, the work the injured plaintiff was hired to perform (see Martinez v 281 Broadway Holdings, LLC, 183 AD3d at 715; Arcabascio v Bentivegna, 142 AD3d 1120, 1121). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court