Stewart v Brookfield Off. Props., Inc. (2023 NY Slip Op 00226)

Stewart v Brookfield Off. Props., Inc.

2023 NY Slip Op 00226

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-03812
 (Index No. 703922/13)

[*1]Larry Stewart, appellant, 
v
Brookfield Office Properties, Inc., et al., respondents, et al., defendant.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Louis F. Eckert and Kristiana C. Zuccarini of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered May 13, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Brookfield Office Properties, Inc., Americon Construction, Inc., and Fried, Frank, Harris, Shriver & Jacobson, LLP, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(e)(1) insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when he fell at a construction site while installing a prefabricated lighting fixture. He testified at his deposition that he stepped off of a ladder and immediately tripped on a raised portion of the concrete floor.
The plaintiff commenced this action against, among others, the defendants Brookfield Office Properties, Inc., Americon Construction, Inc., and Fried, Frank, Harris, Shriver & Jacobson, LLP (hereinafter collectively the defendants), alleging, inter alia, a violation of Labor Law § 241(6). The defendants moved, among other things, for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(e)(1) insofar as asserted against them. In an order entered May 13, 2020, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Rizzuto v Wenger Contr. Co., 91 NY2d 343, 348). In order to establish liability under Labor Law § 241(6), a plaintiff must "establish the violation of an Industrial Code provision which sets forth specific safety standards," and which "is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d at 809 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that 12 NYCRR 23-1.7(e)(1), which requires owners and general contractors, inter alia, to keep all passageways free of obstructions which could cause tripping, is inapplicable because the site where the plaintiff allegedly tripped was not a passageway (see Fonck v City of New York, 198 AD3d 874, 876; Amaya v Purves Holdings LLC, 194 AD3d 536, 537; Gancarz v Brooklyn Pier 1 Residential Owner, L.P., 190 AD3d 955, 957; Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655, 655-656). Contrary to the plaintiff's contention, there is nothing in the record to suggest that the area in which he fell was flanked by piles of construction materials such that it could be considered a passageway (see Fonck v City of New York, 198 AD3d at 876; Amaya v Purves Holdings LLC, 194 AD3d at 537; cf. Aragona v State of New York, 147 AD3d at 809; Lois v Flintlock Constr. Servs., LLC, 137 AD3d 446, 447). The plaintiff's affidavit failed to raise a triable issue of fact as it is inconsistent with his earlier deposition testimony and "appears to be tailored to suggest that he was walking [in] a narrow 'passageway' . . . so to bring his claim within the scope of [12 NYCRR] 23-1.7(e)(1)" (Burkowski v Structure Tone, Inc., 40 AD3d 378, 383).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(e)(1) insofar as asserted against them.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court