Jones v New York State Thruway Auth. (2023 NY Slip Op 05395)

Jones v New York State Thruway Auth.

2023 NY Slip Op 05395

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-04375

[*1]Michael Jones, et al., appellants, 
v
New York State Thruway Authority, respondent. (Claim No. 127756)

Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellants.
The Law Office of Kenneth Arthur Rigby, PLLC, Bronxville, NY, for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Walter Rivera, J.), dated April 16, 2021. The order denied the claimants' motion pursuant to CPLR 3025(b) for leave to amend the claim.
ORDERED that the order is affirmed, with costs.
On April 11, 2013, the claimant Michael Jones (hereinafter the injured claimant) allegedly was injured while working on a project to replace decks on the Tappan Zee Bridge. The defendant was the owner of the Tappan Zee Bridge. The injured claimant alleged that he was wheeling a generator when the generator's wheels came into contact with a loose short sheet, causing the generator to stop abruptly. As a result, the injured claimant tripped, hitting his right shoulder against a truss on the bridge.
The injured claimant, and his wife suing derivatively, initially commenced a claim against the State of New York, but that claim was dismissed. The Court of Claims later granted the claimants leave to file a late claim against the defendant but directed the claimants to remove certain causes of action. The claimants subsequently moved pursuant to CPLR 3025(b) for leave to amend the claim. In an order dated April 16, 2021, the court denied the claimants' motion. The claimants appeal.
"In general, leave to amend a pleading may be granted at any time, including during trial, absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Galarraga v City of New York, 54 AD3d 308, 310; see CPLR 3025[b]; Toiny, LLC v Rahim, 214 AD3d 1023, 1024). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Marcum, LLP v Silva, 117 AD3d 917, 917).
"To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d 808, 809; see Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746-747). "[L]eave to amend the pleadings to so identify the relevant [Industrial] Code provision may properly be granted, [*2]even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (Galarraga v City of New York, 54 AD3d at 310; see Palaguachi v Idlewild 228th St., LLC, 197 AD3d 1321, 1322).
Here, the Court of Claims providently exercised its discretion in denying the claimants' motion pursuant to CPLR 3025(b) for leave to amend the claim to allege violations of certain sections of the Industrial Code with regard to the Labor Law § 241(6) cause of action. The proposed amendments were palpably insufficient and patently devoid of merit (see Stewart v Brookfield Off. Props., Inc., 212 AD3d at 746-747; Murphy v 80 Pine, LLC, 208 AD3d 492, 497; Fonck v City of New York, 198 AD3d 874, 876; Ragone v Spring Scaffolding, Inc., 46 AD3d 652, 654).
The parties' remaining contentions are without merit.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court