Freyberg v Adelphi Univ. (2023 NY Slip Op 05589)

Freyberg v Adelphi Univ.

2023 NY Slip Op 05589

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-01644
 (Index No. 612302/16)

[*1]Douglas Freyberg, appellant, 
v
Adelphi University, respondent.

Decolator Cohen & DiPrisco, LLP, Garden City, NY (Carolyn M. Canzoneri of counsel), for appellant.
Lewis Brisbois Basgaard & Smith, LLP, New York, NY (Kristen Carroll and Nicholas Hurzeler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 16, 2021. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(b), (e)(1) and (2).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In August 2016, the plaintiff commenced this action against the defendant, alleging violations of Labor Law §§ 200 and 241(6), predicated, inter alia, on violations of Industrial Code (12 NYCRR) § 23-1.7(b), (e)(1) and (2). According to the plaintiff, in December 2015, he was performing carpentry work at a building owned by the defendant when he struck his foot on plywood that was covering a hole in the floor causing him to trip and sustain injuries. Thereafter, the defendant moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(b), (e)(1) and (2). In an order dated February 16, 2021, the Supreme Court, inter alia, granted those branches of the defendant's motion.
Labor Law § 200 "'is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work'" (Khan v Khan, 197 AD3d 1165, 1167, quoting Ortega v Puccia, 57 AD3d 54, 60). "Where a premises condition is at issue, a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice" (Villada v 452 Fifth Owners, LLC, 188 AD3d 1292, 1294). A property owner has constructive notice of a dangerous condition "when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Mowla v Baozhu Wu, 195 AD3d 706, 707).
Here, the defendant failed to show, prima facie, that it lacked constructive knowledge of the alleged dangerous condition (see id. at 708) since it did not submit any evidence that the plywood was a latent defect that could not have been discovered upon a reasonable inspection (see Alexandridis v Van Gogh Contr. Co., 180 AD3d 969, 972-973). Therefore, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 200. Accordingly, that branch of its motion should have been denied.
However, the defendant established its prima facie entitlement to judgment as a matter of law dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(b) by demonstrating that the four-inch hole covered by the piece of plywood was too small for the plaintiff to fall though (see Johnson v Lend Lease Constr. LMB, Inc., 164 AD3d 1222, 1223). With respect to so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.7(e)(1) and (2), the defendant established its prima facie entitlement to judgment as a matter of law dismissing that portion of that cause of action by showing that the area where the plaintiff alleged that he fell was not a passageway and the plywood upon which the plaintiff alleged he tripped was an integral part of the construction work being performed (see Fonck v City of New York, 198 AD3d 874, 876; Gancarz v Brooklyn Pier 1 Residential Owner, L.P., 190 AD3d 955, 957). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on violations 12 NYCRR 23-1.7(b), (e)(1) and (2) .
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court