Bittrolff v City of New York (2025 NY Slip Op 02307)

Bittrolff v City of New York

2025 NY Slip Op 02307

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-11200
 (Index No. 525907/18)

[*1]Brian Bittrolff, respondent, 
v
City of New York, et al., appellants.

Eric D. Feldman (Kahana & Feld LLP, New York, NY [Timothy R. Capowski, John F. Watkins, and Kharis S. C. Lund], of counsel), for appellants.
Jeffrey J. Shapiro & Associates, LLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Issac, Maria T. Fasulo, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 14, 2023. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(d) and (e)(1) and (2).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-1.7(e)(1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while working on a construction project. The plaintiff asserted, inter alia, a cause of action alleging a violation of Labor Law § 241(6). At his deposition, the plaintiff testified that while he was walking through a room, he slipped upon and became tangled in a portion of a plastic tarp that was covering a pool table that extended past the table onto the floor, causing him to fall.
The defendants moved, among other things, for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(d) and (e)(1) and (2). In an order dated July 14, 2023, the Supreme Court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
"Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Fonck v City of New York, 198 AD3d 874, 875). "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of a specific and concrete provision of the Industrial Code, and that such violation was a proximate cause of his [*2]or her injuries" (id.).
The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-1.7(d). The plaintiff's alleged injuries occurred in an area of a worksite in which construction, excavation, or demolition work was being performed and, therefore, places the area within the construction context as contemplated under Labor Law § 241(6) (see Gancarz v Brooklyn Pier 1 Residential Owner, L.P., 190 AD3d 955, 957). Moreover, the accident occurred on a "floor" within the meaning of 12 NYCRR 23-1.7(d). Furthermore, the defendants' submissions failed to eliminate triable issues of fact as to whether the plastic tarp was a foreign substance or whether the tarp was integral to the work being performed (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 321; Hageman v Home Depot U.S.A., Inc., 45 AD3d 730, 732).
In addition, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-1.7(e)(2). The defendants failed to establish, prima facie, that the plaintiff's fall was not caused by a tripping hazard within the meaning of 12 NYCRR 23-1.7(e) (see Lundy v Austein, 170 AD3d 703, 705; Mott v Tromel Constr. Corp., 79 AD3d 729, 831; cf. Keener v Cinalta Constr. Corp., 146 AD3d 867, 868) or that the plastic tarp, which extended down onto the floor, was integral to and consistent with the work being performed within the meaning of 12 NYCRR 23-1.7(e)(2) (see Mott v Tromel Constr. Corp., 79 AD3d at 831; Quinn v Whitehall Props., II, LLC, 69 AD3d 599, 600).
However, the defendants established, prima facie, that 12 NYCRR 23-1.7(e)(1), which requires owners and general contractors, among other things, to keep all passageways free of obstructions that could cause tripping, is inapplicable, because the site where the plaintiff allegedly fell was not a passageway (see Freyberg v Adelphi Univ., 221 AD3d 658, 659; Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 747; Fonck v City of New York, 198 AD3d at 876). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-1.7(e)(1) (see Freyberg v Adelphi Univ., 221 AD3d at 659; Stewart v Brookfield Off. Props., Inc., 212 AD3d at 747).
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court