Sandoval v 4 World Trade Ctr. LLC (2025 NY Slip Op 02739)

Sandoval v 4 World Trade Ctr. LLC

2025 NY Slip Op 02739

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 157619/20|Appeal No. 4274-4275|Case No. 2023-05065 2024-01840|

[*1]Rene Sandoval, Plaintiff-Appellant,
v
4 World Trade Center LLC et al., Defendants-Respondents.
4 World Trade Center LLC et al., Third-Party Plaintiffs-Respondents,
v
ABM Janitorial Services - Northeast, Inc., et al., Third-Party Defendants-Respondents.
ABM Janitorial Services - Northeast, Inc., Second Third-Party Plaintiff-Respondent,
v
Palladium Window Solutions, LLC, Second Third-Party Defendant-Respondent.

Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains (Michael A. Flake of counsel), for
4 World Trade Center LLC, World Trade Center Properties LLC, Silverstein WTC Properties LLC, Silverstein WTC LLC, Silverstein Properties, Inc. and Silverstein Properties, LLC, respondents.
Gallo Vitucci Klar LLP, Forest Hills (Christopher Moore of counsel), for ABM Janitorial Services-Northeast, Inc., ABM Janitorial Northeast, Inc., ABM Janitorial Services Neast Inc. ABM Janitorial Services Inc., ABM Onsite Services Inc. and ABM Janitorial Services-Northeast, Inc., respondents.
Miranda Slone Sklarin Verveniotis LLP, Mineola (Maurizio Savoiardo of counsel), for Palladium Window Solutions, LLC, respondent.

Amended order, Supreme Court, New York County (Sabrina Kraus, J.), entered September 11, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 241(6) cause of action, and granted the motions of defendants 4 World Trade Center LLC and Silverstein Properties, Inc. (together, defendants), third-party defendant ABM Janitorial Services - Northeast, Inc., and second third-party defendant Palladium Window Solutions, LLC for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241(6) causes of action as against them, unanimously affirmed, without costs. Order, same court and Justice, entered on or about February 29, 2024, which, to the extent appealed from as limited by the briefs, granted Palladium's motion and defendants' cross-motion for leave to reargue their motions for summary judgment and, upon reargument, granted defendants' and Palladium's motions to the extent of dismissing plaintiff's Labor Law § 202 cause of action as against them, unanimously affirmed, without costs.
Supreme Court properly dismissed the Labor Law § 241(6) claim because that statute does not apply to routine exterior window washing (see Wowk v Broadway 280 Park Fee, LLC, 94 AD3d 669, 671 [1st Dept 2012]). The court also properly dismissed the common-law negligence and Labor Law § 200 claims because defendants established that they lacked actual and constructive notice of the wet metal grille on which plaintiff allegedly slipped and fell (see Amaya v Purves Holdings LLC, 194 AD3d 536, 536 [1st Dept 2021]; Viera v Riverbay Corp., 44 AD3d 577, 579 [1st Dept 2007]). The record is devoid of evidence that defendants' employees were aware of the wet metal grille, and plaintiff admitted that he never complained about the roof's condition (see Prevost v One City Block LLC, 155 AD3d 531, 534 [1st Dept 2017]). Plaintiff also testified that he did not see any wetness on the grille when walking in that area minutes before the accident, and he did not know how long it had been wet (see Berger v ISK Manhattan, Inc., 10 AD3d 510, 512 [1st Dept 2004]).
Upon reargument, Supreme Court properly granted the motions for summary judgment dismissing the Labor Law § 202 cause of action because plaintiff had not opposed the motions to the extent they sought dismissal of that cause of action, thereby abandoning any argument that the cause of action was viable (see Linares v Massachusetts Mut. Life Ins. Co., 225 AD3d 520, 521 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025