■ LEE WEISS et al., Respondents, v EL AD PROPERTIES NY LLC et al., Appellants, et al., Defendants. [877 NYS2d 895]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 17, 2008, which, to the extent appealed

from, denied so much of the motion by defendants El Ad Properties and Tishman Construction for summary judgment dismissing the remaining cause of action based on Labor Law § 241 (6), unanimously affirmed, without costs.

Plaintiff worker, a carpenter, was allegedly injured when an A-frame dolly he was guiding down a ramp veered into the side handrails, and he was struck in the face by the load of metal studs. El Ad was the property owner and Tishman the general contractor on the project. Plaintiff asserted, inter alia, a cause of action alleging that the ramp did not meet the specifications of the Industrial Code.

In moving for summary judgment, El Ad and Tishman cited the deposition testimony of the injured worker and a Tishman employee, which they asserted established compliance with the Code. However, the injured worker's deposition testimony raised a triable issue of fact as to whether the ramp was the proper width ("at least 48 inches") and whether the floor planks were "laid close, butt jointed and securely nailed" (12 NYCRR 23-1.22 [b] [3]). The injured plaintiff estimated the width at less than the mandated minimum, and testified that he saw a gap of one half to three quarters of an inch between the planks. El Ad and Tishman thus failed to carry their initial burden of establishing prima facie compliance with the Code.

Motion seeking leave to strike brief granted. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Abdus-Salaam, JJ.