Bain v 50 W. Dev., LLC (2021 NY Slip Op 00901)





Bain v 50 W. Dev., LLC


2021 NY Slip Op 00901


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 160488/16 Appeal No. 13048 Case No. 2019-04696 

[*1]Kendell Bain, Plaintiff-Appellant-Respondent,
v
50 West Development, LLC, et al., Defendants-Respondents-Appellants. [And a Third-Party Action.]


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas Hurzeler of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 3, 2019, which, to the extent appealed from, as limited by the briefs, denied plaintiff's and defendants' motions for summary judgment on the claims based upon Labor Law § 240(1) and Labor Law § 241(6) predicated upon a violation of Industrial Code § 23-1.22(b)(3), unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment with respect to the Labor Law § 241(6) claim, and otherwise affirmed, without costs.
On the issue whether an elevation differential is "physically significant" to fall within the purview of § 240(1), a court must consider, inter alia, "the weight of the object and the amount of force" the object is "capable of generating, even over the course of a relatively short descent" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]; see also Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1 [2011]). The motion court correctly denied the cross motions for summary judgment with respect to defendants' liability under § 240(1) as triable issues exist regarding the cumulative weight of the particle board sheets that fell on plaintiff from an A-frame cart after it toppled when its wheel was caught in a gap in the ramp structure as workers were wheeling it (see Runner, 13 NY3d at 604-605; Touray v HFZ 11 Beach St. LLC, 180 AD3d 507 [1st Dept 2020]).
However, plaintiff is entitled to partial summary judgment on his § 241(6) claim predicated upon Industrial Code § 23-1.22(b)(3), which requires ramp planks to be, inter alia, "laid close, butt jointed and securely nailed" (see e.g. Weiss v El Ad Props. N LLC, 62 AD3d 472, 473 [1st Dept 2009]; Arrasti v HRH Constr. LLC, 60 AD3d 582 [1st Dept 2009]). The record shows, inter alia, that the ramp where plaintiff's accident occurred consisted of two strips of planking that was loosely cobbled together, not wide enough to span the width of the two 2 ½ foot wide swinging doors. Moreover, there was a large gap in between the boards, which caused a wheel on the cart to dip and the sheets of plywood to fall onto plaintiff. The senior project manager employed by the general contractor conceded that had he seen the planks in the condition depicted in the photographs in the record, he would have ordered UBS to remove and replace the ramp, noting the "gap between a portion of the bottom plywood and the ramp." Defendants having failed, in turn, to raise a triable issue of fact as to whether the plywood ramp was substantially constructed and securely braced and supported, plaintiff is entitled to
partial summary judgment (see Capuano v Tishman Constr. Corp., 98 AD3d 848 [1st Dept 2012]; see generally Rodriguez v City of New York, 31 NY3d 312 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021