Bianchi v New York City Tr. Auth. (2021 NY Slip Op 01383)





Bianchi v New York City Tr. Auth.


2021 NY Slip Op 01383


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-07229 
2018-06610
 (Index No. 4789/12)

[*1]Andrew Bianchi, appellant, 
v
New York City Transit Authority, et al., respondents.


Law Office of Robert S. Fader, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Amabile & Erman, P.C., Staten Island, NY (Frank Discipio and Mark S. Meleka of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Debra Silber, J.), dated June 2, 2017, and (2) an order of the same court dated January 2, 2018. The judgment, upon a jury verdict in favor of the defendants on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6), and upon the granting of those branches of the defendants' motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury's verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the judgment and the order are affirmed, with costs.
The defendant New York City Transit Authority (hereinafter the Transit Authority) hired the defendant John P. Picone, Inc. (hereinafter the general contractor), to renovate certain subway stations. The general contractor hired nonparty PJS Electric (hereinafter the subcontractor) to do the electrical work. The plaintiff was employed by the subcontractor. The plaintiff allegedly was injured at the work site while working inside of a box truck owned by the subcontractor when construction materials inside of the truck fell and struck him. The plaintiff commenced this action against the defendants, asserting causes of action to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6), and for common-law negligence.
At the close of evidence at trial, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court granted those branches of the motion which were for judgment as a matter of law dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1), but denied that branch of the motion which was for judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6). The jury returned a verdict on the Labor Law § 241(6) cause of action in favor of the defendants, finding that the statute was not violated. The court entered a [*2]judgment dated June 2, 2017, in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The plaintiff then moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. The court denied the motion in an order dated January 2, 2018. The plaintiff appeals from the judgment and the order.
To be awarded judgment as a matter of law pursuant to CPLR 4401, there must be "no rational process by which the fact trier could base a finding in favor of the nonmoving party" upon the evidence presented at trial (Szczerbiak v Pilat, 90 NY2d 553, 556; see Nestro v Harrison, 78 AD3d 1032, 1033). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d at 556; see Nestro v Harrison, 78 AD3d at 1033). Applying this standard, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1).
Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). "Liability under the statute is therefore governed by common-law negligence principles" (Chowdhury v Rodriguez, 57 AD3d 121, 128). Where, as here, the plaintiff allegedly was injured as a result of a dangerous condition, a property owner is liable when the owner created the dangerous condition causing the injury or when the owner failed to remedy a dangerous or defective condition of which the owner had actual or constructive notice (see id. at 128; Ortega v Puccia, 57 AD3d 54, 61). A general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition (see Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d 1099, 1101; Mikelatos v Theofilaktidis, 105 AD3d 822, 823). Here, no evidence was presented at trial that the Transit Authority created the dangerous condition in the box truck or had actual or constructive notice of it. In addition, there was no evidence that the general contractor had control over the work site within the subcontractor's box truck where the injury occurred. Accordingly, the Supreme Court properly determined that there was no rational process by which the jury could find in favor of the plaintiff on these causes of action.
Labor Law § 240(1) requires property owners and contractors to provide workers with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" to the workers. The purpose of the statute is to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7). "With respect to falling objects, Labor Law § 240(1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured'" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). "Thus, for section 240(1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d at 268). Here, there was no evidence that the falling objects were being hoisted, that the falling objects required securing for the purposes of the undertaking, or that the objects fell because of the absence or inadequacy of a safety device (see Ruiz v Ford, 160 AD3d 1001, 1003; Seales v Trident Structural Corp., 142 AD3d 1153, 1156; Aloi v Structure-Tone, Inc., 2 AD3d 375, 376). Therefore, the Supreme Court properly determined that there was no rational process by which the jury could find in favor of the plaintiff on the cause of action alleging a violation of Labor Law § 240(1).
Pursuant to CPLR 4404(a), a court may set aside a jury verdict and order a new trial where it finds that the verdict was contrary to the weight of the evidence. The court may not disregard a jury verdict as contrary to the weight of the evidence unless the evidence so [*3]preponderates in favor of the other party that the verdict could not have been reached on any fair interpretation of the evidence (see Killon v Parrotta, 28 NY3d 101, 107-108; Lolik v Big V Supermarkets, Inc., 86 NY2d 744, 746).
Labor Law § 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 348 [internal quotation marks omitted]; see Labor Law § 241[6]). A plaintiff asserting a cause of action under Labor Law § 241(6) must demonstrate a violation of a rule or regulation of the Industrial Code which gives a specific, positive command, and is applicable to the facts of the case (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 349; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 503-505). Here, the Labor Law § 241(6) cause of action was predicated upon violation of 12 NYCRR 23-2.1(a)(1). That section provides, "[a]ll building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare." In returning a verdict in favor of the defendant, the jury fairly could have found that the subject materials were not located so as to obstruct a "passageway, walkway, stairway or other thoroughfare" within the meaning of 12 NYCRR 23-2.1(a)(1) (see generally Rodriguez v D & S Bldrs., LLC, 98 AD3d 957, 959; Kocurek v Home Depot, U.S.A.P., 286 AD2d 577, 580; Cafarella v Harrison Radiator Div. of Gen. Motors, 237 AD2d 936, 938). Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence.
The plaintiff's remaining contentions are either unpreserved for appellate review or without merit.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court