Ortega v Fourtrax Contr. Corp. (2023 NY Slip Op 01096)

Ortega v Fourtrax Contr. Corp.

2023 NY Slip Op 01096

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-05362
 (Index No. 606814/18)

[*1]Jose Santiago Orellana Ortega, appellant,
v
Fourtrax Contracting Corp., et al., respondents (and a third-party action).

Sackstein Sackstein & Lee (Michael H. Zhu, New York, NY, of counsel), for appellant.
Smith Sovik Kendrick & Sugnet, P.C., Uniondale, NY (John D. Goldman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated June 29, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2017, the plaintiff allegedly was injured while working for Top Remodeling, Inc., a subcontractor hired by the defendant Fourtrax Contracting Corp. (hereinafter Fourtrax) to perform drywall installation, taping, and spackling at a construction site located at 375 North Broadway in Jericho. On the date of the accident, the plaintiff and his coworkers were using a dolly to transport sheetrock across the floor. The accident occurred when the dolly and the sheetrock tipped over and fell onto the plaintiff, causing injuries.
Thereafter, the plaintiff commenced this action against Fourtrax and the defendant 375 N. Broadway Associates, L.P., alleging, inter alia, a violation of Labor Law § 240(1). The defendants subsequently moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The plaintiff opposed the defendants' motion and moved for summary judgment on the issue of liability on that cause of action. In an order dated June 29, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied the plaintiff's motion for summary judgment on the issue of liability on that cause of action. The plaintiff appeals.
"The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Therefore, to recover [*2]under Labor Law § 240(1), the injured plaintiff "must have suffered an injury as 'the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Soto v J. Crew Inc., 21 NY3d 562, 566, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603).
"With respect to falling objects, Labor Law § 240(1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured'" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). "Therefore, a plaintiff must show more than simply that an object fell, thereby causing injury to a worker. A plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking" (Simmons v City of New York, 165 AD3d 725, 727 [citation, alterations, and internal quotation marks omitted]).
Here, the defendants established, prima facie, that the plaintiff's injuries were not caused by an elevation-related or gravity-related risk within the scope of Labor Law § 240(1) (see Chuqui v Amna, LLC, 203 AD3d 1018, 1021; Simmons v City of New York, 165 AD3d at 727; Grygo v 1116 Kings Highway Realty, LLC, 96 AD3d 1002, 1003). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and, for the same reasons, properly denied the plaintiff's motion for summary judgment on the issue of liability on that cause of action.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court