Laliashvili v Kadmia Tenth Ave. SPE, LLC (2023 NY Slip Op 06131)

Laliashvili v Kadmia Tenth Ave. SPE, LLC

2023 NY Slip Op 06131

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-03507
 (Index No. 522660/17)

[*1]Zviadi Laliashvili, appellant-respondent, 
v
Kadmia Tenth Avenue SPE, LLC, et al., respondents-appellants (and a third-party action).

William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary of counsel), for appellant-respondent.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Robert C. Baxter and Bryan R. Forbes of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated April 1, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.28(b). The order, insofar as cross-appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.28.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.28(a) and 12 NYCRR 23-1.28(c), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On May 8, 2017, the plaintiff was employed by the third-party defendant All City Glass and Mirror Company (hereinafter All City Glass), and was tasked with delivering large glass panels to a worksite located in Manhattan. The glass panels were each approximately 8 feet by 5½ feet long, one-quarter-inch thick, and each weighed approximately 60 pounds. In order to transport the glass panels to their destination, the plaintiff and other All City Glass employees loaded two to four glass panels at a time onto an A-frame cart by leaning the panels against the frame. It is undisputed that the glass panels were not secured to the cart.
While the plaintiff and other All City Glass employees were transporting glass panels to the worksite, the wheel of the A-frame cart allegedly got caught on something, causing the cart to stop and the glass panels to fall. The plaintiff attempted to prevent the glass panels from falling, [*2]but the falling panels hit the plaintiff on the head and shattered on him, allegedly causing injury.
The plaintiff commenced this action against the defendants to recover damages for personal injuries, asserting causes of action alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, among other things, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order dated April 1, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.28(b), and those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.28. The plaintiff appeals, and the defendants cross-appeal.
"The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). The "single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). "With respect to falling objects, Labor Law § 240(1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured'" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). "Therefore, a plaintiff must show more than simply that an object fell, thereby causing injury to a worker. A plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking" (Simmons v City of New York, 165 AD3d 725, 727 [citations and quotation marks omitted]).
Here, based on the parties' submissions, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and that branch of the defendants' motion which was for summary judgment dismissing that cause of action, as neither the plaintiff nor the defendants eliminated triable issues of fact as to whether this accident was the result of an elevation-related hazard or gravity-related risk encompassed by Labor Law § 240(1) (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 11; Runner v New York Stock Exch., Inc., 13 NY3d at 605; Bain v 50 W. Dev., LLC, 191 AD3d 496, 497; Gutman v City of New York, 78 AD3d 886, 887; cf. Ortega v Fourtrax Contr. Corp., 214 AD3d 666, 668; Chuqui v Amna, LLC, 203 AD3d 1018). There is no evidence in the record as to the height of the cart, or the height of the glass panels once loaded onto the cart (see Wright v Ellsworth Partners, LLC, 143 AD3d 1116, 1119). However, there is evidence that the glass panels fell from such a height as to hit the plaintiff on the head, and with such force as to knock the plaintiff to the ground and render him briefly unconscious. Further, there is evidence that All City Glass employees typically utilized belts to secure glass panels during transport, but were unable to do so in this instance because they were not provided belts large enough to secure the particular panels being moved. Thus, there are triable issues of fact as to whether a belt securing the glass panels would have been necessary or expected (see Majerski v City of New York, 193 AD3d 715, 717), and whether the plaintiff's accident was caused by the absence of such belts (see Gutman v City of New York, 78 AD3d at 887).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Rizzuto v Wenger Contr. Co., 91 NY2d 343, 348). In order to establish liability under Labor Law § 241(6), a plaintiff must "establish the violation of an Industrial Code provision which sets forth specific safety standards," and which "is applicable under the circumstances of the case" (Aragona v State of New York, 147 [*3]AD3d at 809 [internal quotation marks omitted]).
On appeal, the plaintiff abandons the argument that he should have been granted summary judgment on so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.28(a) and (c). However, as the defendants correctly contend, that branch of their motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on those alleged Industrial Code violations should have been granted. The defendants established, prima facie, that subsections (a) and (c) of 12 NYCRR 23-1.28 are not applicable to the facts of this case (see Lombardi v City of New York, 175 AD3d 1521, 1522). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff failed to establish his prima facie entitlement to summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.28(b), and the defendants failed to establish their prima facie entitlement to summary judgment dismissing so much of that cause of action. 12 NYCRR 23-1.28(b) states, "[w]heels of hand-propelled vehicles shall be maintained free-running and well secured to the frames of the vehicles." That section of the Industrial Code establishes a sufficient predicate for a cause of action pursuant to Labor Law § 241(6) as it sets forth specific, rather than general, safety standards (see Brasch v Yonkers Const. Co., 306 AD2d 508, 509). It is "intended to insure that wheels do not collapse or stick causing a vehicle to tip over and injure a worker" (Freitas v New York City Tr. Auth., 249 AD2d 184, 185-186). Here, there remain triable issues of fact as to whether the cart from which the glass panels fell onto the plaintiff was caused to stop suddenly due to a wheel that was not maintained in a "free-running" manner (Ahern v NYC Langone Med. Ctr., 147 AD3d 537, 538; Picchione v Sweet Const. Corp., 60 AD3d 510, 512). Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.28(b) and that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.28(b).
The defendants' remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court