Shewprasad v KSK Constr. Group, LLC (2024 NY Slip Op 04794)

Shewprasad v KSK Constr. Group, LLC

2024 NY Slip Op 04794

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-03506
 (Index No. 503176/19)

[*1]Melvin Shewprasad, appellant, 
v
KSK Construction Group, LLC, et al., respondents, et al., defendant (and third-party actions).

Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas P. Calabria and Timothy J. Layer of counsel), for respondent KSK Construction Group, LLC.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Laura A. Martin of counsel), for respondent 848 Development, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated February 21, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(e)(2) and 23-2.1(a)(1) insofar as asserted against the defendants KSK Construction Group, LLC, and 848 Development, LLC.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On September 11, 2018, the plaintiff allegedly was injured when a cluster of steel railings that had been stacked vertically against one another fell on him while he was working at a construction site in Brooklyn. The plaintiff commenced this action against the defendants KSK Construction Group, LLC, and 848 Development, LLC (hereinafter together the defendants), and another defendant, alleging, inter alia, a violation of Labor Law § 241(6). The plaintiff moved, among other things, for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(e)(2) and 23-2.1(a)(1) insofar as asserted against the defendants. In an order dated February 21, 2023, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
"'Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (Flores v Fort Green Homes, LLC, 227 AD3d 672, 674, quoting Cruz v 451 Lexington Realty, LLC, 218 AD3d 733, 736-737 [internal quotation marks omitted]; see [*2]Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343; Chuqui v Amna, LLC, 203 AD3d 1018, 1021).
Here, the plaintiff failed to establish, prima facie, that 12 NYCRR § 23-1.7(e)(2), which protects workers from tripping hazards, was applicable under the circumstances of this case (see Dyszkiewicz v City of New York, 218 AD3d 546, 548). Further, the plaintiff failed to establish, prima facie, that 12 NYCRR § 23-2.1(a)(1) was applicable under the circumstances of this case. That section provides, "[a]ll building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare" (12 NYCRR § 23-2.1[a][1]), and the plaintiff failed to eliminate all triable issues of fact as to whether the accident occurred in a "passageway, walkway, stairway or other thoroughfare" (Bianchi v New York City Tr. Auth., 192 AD3d 745, 749 [internal quotation marks omitted]; see Ginter v Flushing Terrace, LLC, 121 AD3d 840, 844; Cody v State of New York, 82 AD3d 925, 928; see also Diaz v P & K Contr., Inc., 224 AD3d 405, 407). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(e)(2) and 23-2.1(a)(1) insofar as asserted against the defendants (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court