Ramos v Kent & Wythe Owners, LLC (2025 NY Slip Op 01249)

Ramos v Kent & Wythe Owners, LLC

2025 NY Slip Op 01249

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-05704
 (Index No. 517552/16)

[*1]Vidal Ramos, appellant, 
v
Kent & Wythe Owners, LLC, et al., defendants third-party plaintiffs-respondents; R & M Repairs and Maintenance, Inc., third-party defendant-respondent (and other third-party actions).

Goryeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for defendants third-party plaintiffs-respondents.
Perry, Van Etten, Rozanski & Kutner, LLP, New York, NY (Jessica J. Beauvais and Jeffrey K. Van Etten of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Velasquez, J.), dated June 2, 2020. The order, insofar as appealed from, (1) denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), (2) denied the plaintiff's motion for leave to amend the bill of particulars, and (3) granted those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant R & M Repairs and Maintenance, Inc., which were for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant R & M Repairs and Maintenance, Inc., which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200, and substituting therefor a provision denying those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants third-party plaintiffs and the third-party defendant R & M Repairs and Maintenance, Inc., appearing separately and filing separate briefs.
In September 2016, the plaintiff allegedly was injured while working as a laborer for the third-party defendant R & M Repairs and Maintenance, Inc. (hereinafter R & M), a subcontractor hired by the defendant L & M Builders Group, LLC (hereinafter L & M Builders), to perform cleaning services at a building under construction. On the date of the accident, the plaintiff was using an A-frame cart to move sheetrock across an unfinished concrete floor at the construction site. The plaintiff allegedly was injured when the A-frame cart turned over and fell, along with the sheetrock, trapping the plaintiff's legs and waist.
The plaintiff commenced this action against the defendants, Kent & Wythe Owners, LLC, L & M Kent & Wythe Managers, LLC, Congress Builders, LLC, and L & M Builders (hereinafter collectively the L & M defendants) to recover damages for personal injuries. The L & M defendants thereafter commenced a third-party action against R & M, inter alia, for indemnification.
In July 2018, the plaintiff filed a note of issue. In an order dated August 16, 2018, issued on consent, the Supreme Court set a deadline to serve motions for summary judgment by March 29, 2019. On March 29, 2019, the L & M defendants and R & M separately moved, among other things, for summary judgment dismissing the complaint. In September 2019, the plaintiff moved for leave to amend the bill of particulars, in substance to allege additional injuries to his cervical spine and left shoulder.
On November 27, 2019, the plaintiff submitted papers opposing the separate summary judgment motions of the L & M defendants and R & M and cross-moving, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
In an order dated June 2, 2020, the Supreme Court, among other things, (1) denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), (2) denied the plaintiff's motion for leave to amend the bill of particulars, and (3) granted those branches of the separate motions of the L & M defendants and R & M which were for summary judgment dismissing the complaint. The plaintiff appeals.
"While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise, when leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (Canals v Lai, 132 AD3d 626, 626 [citations omitted]; see Cesarz v O'Reilly, 194 AD3d 1007, 1008). "Furthermore, where there has been an inordinate delay in seeking leave to amend to include a new injury, a plaintiff must establish a reasonable excuse for the delay and show that the proposed amendment has merit" (Canals v Lai, 132 AD3d at 626-627; see Blumenthal v 1979 Marcus Ave. Assoc., LLC, 203 AD3d 1122, 1123; Cesarz v O'Reilly, 194 AD3d at 1008).
Here, the plaintiff did not offer any excuse, reasonable or otherwise, for the inordinate delay in seeking leave to amend the bill of particulars to include his newly alleged injuries, which the plaintiff complained of as early as June 2018. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend the bill of particulars (see Blumenthal v 1979 Marcus Ave. Assoc., LLC, 203 AD3d at 1123; Cesarz v O'Reilly, 194 AD3d at 1008).
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). "Liability under Labor Law § 240(1) depends on whether the injured worker's task creates an elevation-related risk of the kind that the safety devices listed in section 240(1) protect against" (Escobar v Safi, 150 AD3d 1081, 1082 [internal quotation marks omitted]; see Gonzalez v Madison Sixty, LLC, 216 AD3d 1141, 1142). "Falling object liability under Labor Law § 240(1)" includes a situation "where the plaintiff demonstrates that, at the time the object fell, it required securing for the purposes of the undertaking" (Escobar v Safi, 150 AD3d at 1083 [citations and internal quotation marks omitted]; see Carranza v JCL Homes, Inc., 210 AD3d 858, 859; Kandatyan v 400 Fifth Realty, LLC, 155 AD3d 848, 850).
Here, the L & M defendants and R & M established, prima facie, that the plaintiff's injuries were not caused by an elevation-related or gravity-related risk within the scope of Labor Law § 240(1) (see Ortega v Fourtrax Contr. Corp., 214 AD3d 666, 668; Parrino v Rauert, 208 AD3d 672, 674; Simmons v City of New York, 165 AD3d 725, 726-727). In opposition, the plaintiff failed to raise a triable issue of fact (cf. Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d 988, 991). Accordingly, the Supreme Court properly granted those branches of the separate motions of the L & M defendants and R & M which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). For the same reasons, the court properly denied that [*2]branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Wittenberg v Long Is. Power Auth., 225 AD3d 730, 733 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (id.).
Here, the L & M defendants and R & M established, prima facie, that the Industrial Code provisions relied upon by the plaintiff were inapplicable to the facts of this case. In particular, the evidence showed that the accident did not occur in a "passageway" as contemplated by 12 NYCRR 23-1.7(e)(1) (see Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 747; Gancarz v Brooklyn Pier 1 Residential Owner, L.P., 190 AD3d 955, 957). Moreover, the alleged grooves in an unfinished concrete floor at the construction site, which were described as having a depth of approximately one inch, were not the type of hazard regulated by 12 NYCRR 23-1.7(e)(2) (see Fonck v City of New York, 198 AD3d 874, 876). The Industrial Code provisions in 12 NYCRR 23-1.22 (b), 12 NYCRR 23-2.1(b), and 12 NYCRR 23-2.2(b) were also inapposite to the facts of this case (see Torres v Accumanage, LLC, 210 AD3d 718, 722; Cody v State of New York, 82 AD3d 925, 928; see also Dyszkiewicz v City of New York, 218 AD3d 546, 549). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of the Industrial Code provisions upon which he relied. Accordingly, the Supreme Court properly granted those branches of the separate motions of the L & M defendants and R & M which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
However, the Supreme Court erred in granting those branches of the separate motions of the L & M defendants and R & M which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200. "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1382 [citations and internal quotation marks omitted]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (id. [internal quotation marks omitted]; see Reyes v Sligo Constr. Corp., 214 AD3d 1014, 1017; Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128, 1131).
"To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work" (Hamm v Review Assoc., LLC, 202 AD3d 934, 938 [internal quotation marks omitted]). "Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (id. [internal quotation marks omitted]). "Where the condition at issue is both open and obvious and not inherently dangerous, a defendant is not liable under either a theory of common law negligence or Labor Law § 200" (Sanchez v BBL Constr. Servs., LLC, 202 AD3d 847, 849-850 [internal quotation marks omitted]).
"When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Hamm v Review Assoc., LLC, 202 AD3d at 938). "A defendant moving for summary judgment in such a case may prevail only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard" (id. [internal quotation marks omitted]).
Here, the L & M defendants and R & M failed to establish, prima facie, that the plaintiff had the means necessary to safely move the sheetrock on the day of the accident (see Zupan v Irwin Contr., Inc., 145 AD3d 715, 717). Moreover, the L & M defendants and R & M also failed to establish as a matter of law that the L & M defendants did not have the authority to exercise supervision and control over the subject work (see Caban v Plaza Constr. Corp., 153 AD3d 488, 490-491). The L & M defendants and R & M also failed to demonstrate that the accident did not arise out of a dangerous condition at the premises, that the condition involving grooves in the unfinished concrete floor was trivial as a matter of law (cf. Simmons v City of New York, 165 AD3d at 726-727; Madero v Pizzagalli Constr. Co., 62 AD3d 670, 672), or that the L & M defendants did not have actual or constructive notice of the condition (see Chuqui v Amna, LLC, 203 AD3d 1018, 1022; Mendez v Jackson Dev. Group, Ltd., 99 AD3d 677, 680). Accordingly, the Supreme Court should have denied those branches of the separate motions of the L & M defendants and R & M which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
R & M's remaining contention is without merit.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court