Joya v E 31 Partners, LLC (2025 NY Slip Op 04461)

Joya v E 31 Partners, LLC

2025 NY Slip Op 04461

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2024-04034
 (Index No. 517299/20)

[*1]Naun Joya, respondent, 
v
E 31 Partners, LLC, et al., appellants; Blue Stone Concrete Corp., third-party defendant.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Nicole A. Verzillo of counsel), for appellants.
Subin Associates, LLP, New York, NY (Denise A. Rubin of counsel), for respondent.
Barry McTiernan & Moore LLC, New York, NY (Laurel A. Wedinger of counsel), for third-party defendant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 12, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is denied.
In February 2020, the plaintiff was employed by the third-party defendant, Blue Stone Concrete Corp. (hereinafter Blue Stone), and was tasked with disassembling a fence made of plywood sheets at a worksite located in Brooklyn. According to the plaintiff, he was instructed to hold one side of the plywood fence with another worker, while a third worker removed the nails from the other side of the fence, allowing each sheet of plywood to be removed. One of the plywood sheets fell, striking the plaintiff in the head and allegedly causing injuries.
The plaintiff commenced this action against the defendants, E 31 Partners, LLC, the owner of the subject property, and Twin Group Associates, Inc., the general contractor for the project, asserting causes of action alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). In January 2023, the plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants and Blue Stone separately opposed the motion. In an order dated March 12, 2024, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. The defendants appeal.
"Labor Law § 240(1) requires property owners and contractors to provide workers with 'scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and [*2]other devices which shall be so constructed, placed and operated as to give proper protection' to the workers" (Bianchi v New York City Tr. Auth., 192 AD3d 745, 747). "The purpose of the statute is to protect against 'such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured'" (id., quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7).
With respect to "falling object" cases, "Labor Law § 240(1) applies where the falling of an object is related to a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured" (Ortega v Fourtrax Contr. Corp., 214 AD3d 666, 667 [internal quotation marks omitted]; see Flores v Fort Green Homes, LLC, 227 AD3d 672, 673). A plaintiff "must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for purposes of the undertaking" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [internal quotation marks omitted]; see Outar v City of New York, 5 NY3d 731, 732; Ruiz v Ford, 160 AD3d 1001, 1003; Escobar v Safi, 150 AD3d 1081, 1083).
Here, the plaintiff failed to eliminate all triable issues of fact as to whether the accident was the result of an elevation-related hazard or gravity-related risk encompassed by Labor Law § 240(1) (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 11; Runner v New York Stock Exch., Inc., 13 NY3d 599, 605; Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d 988, 991). The plaintiff failed to establish his height or the height and weight of the plywood sheet that struck him (see Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d at 991; Wright v Ellsworth Partners, LLC, 143 AD3d 1116, 1119). Further, the plaintiff failed to eliminate triable issues of fact as to how the accident occurred and whether, under the circumstances of this case, this was a situation where a securing device of the kind enumerated in Labor Law § 240(1) would have been necessary or even expected (see Majerski v City of New York, 193 AD3d 715, 717; Carlton v City of New York, 161 AD3d 930, 933; Romero v 220 N. Steel, LLC, 148 AD3d 1066, 1067).
Since the plaintiff failed to meet his prima facie burden, it is unnecessary to consider the adequacy of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, we need not reach the parties' remaining contention.
MILLER, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court