Palacios v McEvoy (2026 NY Slip Op 01073)

Palacios v McEvoy

2026 NY Slip Op 01073

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-04963
 (Index No. 67898/14)

[*1]Jose Leon Palacios, et al., appellants,
vRobert McEvoy, et al., respondents (and a third-party action).

Dell & Dean, PLLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated April 17, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant Farrell Building Company, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendant Farrell Building Company, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Jose Leon Palacios (hereinafter the injured plaintiff) was injured when he reversed his personal vehicle into an unguarded trench located on a work site at a new construction home. In September 2014, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendants Robert McEvoy and Sabrina McEvoy, the owners of the property, and the defendant Farrell Building Company, Inc. (hereinafter Farrell), the general contractor for the construction of the home, asserting causes of action alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The defendants moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Farrell. The Supreme Court, inter alia, granted those branches of the motion. The plaintiffs appeal.
Labor Law § 240(1) "'is intended to protect workers from gravity-related occurrences stemming from the inadequacy or absence of enumerated safety devices'" (Nucci v County of Suffolk, 204 AD3d 817, 818, quoting Ortega v Puccia, 57 AD3d 54, 58). The statute requires that contractors involved in construction or demolition of a building must provide to employees "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other [*2]devices which shall be so constructed, placed and operated as to give proper protection to a person" (Labor Law § 240[1]; see Valentin v Stathakos, 228 AD3d 985, 989; Lazo v New York State Thruway Auth., 204 AD3d 774, 775). "The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d 988, 990 [internal quotation marks omitted]; see Ortega v Fourtrax Contr. Corp., 214 AD3d 666, 667). Therefore, "'liability [remains] contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267; see Giraldo v Highmark Ind., LLC, 226 AD3d 874, 876).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Farrell by submitting, inter alia, transcripts of deposition testimony establishing that the injured plaintiff was not exposed to any risk that safety devices of the kind enumerated in Labor Law § 240(1) would have protected against (see Seem v Premier Camp Co., LLC, 200 AD3d 921, 924; Kickler v Dove-Tree Greenery, Inc., 185 AD3d 1017, 1018). In opposition, the plaintiffs failed to raise a triable issue of fact.
Labor Law § 241(6) requires contractors to "provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [internal quotation marks omitted]; see Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 749). "In order to establish liability under Labor Law § 241(6), a plaintiff must 'establish the violation of an Industrial Code provision which sets forth specific safety standards,' and which 'is applicable under the circumstances of the case'" (Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d at 991, quoting Aragona v State of New York, 147 AD3d 808, 809). 12 NYCRR § 23-1.7(b)(1) requires that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing" and is sufficiently specific to support a cause of action under Labor Law § 241(6) (see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 616).
Here, the defendants failed to establish, prima facie, that 12 NYCRR § 23-1.7(b)(1) was inapplicable to the circumstances of this case, as the trench, which was large enough for a car to fall into, was a hazardous opening within the meaning of 12 NYCRR 23-1.7(b)(1) (see Jarnutowski v City of Long Beach, 210 AD3d 881, 883; Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657; Gjeka v Iron Horse Transp., Inc., 151 AD3d 463; cf. Gurewitz v City of New York, 175 AD3d 658). The defendants further failed to eliminate triable issues of fact as to whether a violation of 12 NYCRR 23-1.7(b)(1) proximately caused the injured plaintiff's injuries (see Gonzalez v City of New York, 227 AD3d 958, 960). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against Farrell without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court